UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOEL WEISSHAUS,<br><br>*Plaintiff,*<br><br>- against -<br><br>Hon. ANDREW CUOMO in his official and individual capacities,<br><br>*Defendant.* | **Case:** |

**VERIFIED COMPLAINT**

YOEL WEISSHAUS ("Plaintiff"), by his attorneys Law Offices of Eugene Lynch sues Hon. ANDREW CUOMO ("Defendant") in his official and individual capacities, and states:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action for declaratory judgment of a federal question under *Ex parte Young*, 209 U.S. 123, 143 (1908).

2. This 42 U.S.C. § 1983 is remedy action Defendant committed under the color of law in deliberately depriving Plaintiff of the immunities and privileges Section 1 of the Fourteenth Amendment. (See *Saenz v. Roe*, 526 U.S. 489, 501 (1999) "a citizen of one State who travels in other States, intending to return home at the end of his journey, is entitled to enjoy the "Privileges and Immunities of Citizens in the several States" that he visits").

3. The principle and jurisdictional nature of this case is that a State cannot exercise its police powers "against contagious and infectious diseases" in regard to a subject-matter which has been confided exclusively to the discretion of Congress by the Constitution, such as the screening of passengers upon arrival at a national port or State border. *Henderson v. Mayor of City of New York*, 92 U.S. 259, 271 (1875).

Page 1

4. The principle and jurisdictional nature of this case is that the passage of laws which concern the admission of citizens and subjects of foreign nations to our shores belongs to Congress, and not to the States. Congress has the power to regulate commerce with foreign nations: the responsibility for the character of those regulations, and for the manner of their execution, belongs solely to the national government. *Chy v. Freeman*, 92 U.S. 275, 280 (1875).

5. At all times material to this lawsuit Defendant reigns over the Eastern District of New York.

6. All acts necessary or precedent to this lawsuit occurred or accrued in the Eastern District of New York.

7. Federal law governs the facts and questions of law precedent to this suit.

8. This Court has jurisdiction.

## GENERAL FACTS

9. Plaintiff is a natural citizen of the United States, whose residence is in New Milford, NJ, within the meaning of the Section 1 of the Fourteenth Amendment to the Constitution.

10. Defendant is the Governor of the State of New York and can be served with process at the State Capital Building, Albany, New York 12224.

11. On November 18, 2020, Plaintiff returned at JFK Airport from overseas.

12. JFK Airport is located in Queens NY.

13. The Customs and Border Protection granted Plaintiff entry to United States.

14. Upon granting entry to Plaintiff, the Customs and Border Protection agent provided Plaintiff with an advisory in reference to COVID-19 issued by the Centers for Disease Control and Prevention ("CDC"). Attached as **Exhibit A** is a true copy of the CDC advisory.

15. Upon completion of all the requisites for safe entry, Customs and Border Protection allowed Plaintiff to exist the screening area and go about his own way.

16. Upon exiting the screening area of the Customs and Border Protection, Defendant subjected Plaintiff to extra screening, demanding that Plaintiff complete an involuntary New York State Traveler Health Form. Attached as **Exhibit B** is a true copy of the form.

17. Plaintiff objected to Defendant's agent, stating that his destination is outside the State of New York.

18. Over Plaintiff's objection, at Defendant's command, Plaintiff was denied the right to enter the United States without completing New York State Traveler Health Form.

19. Defendant's armed agent instructed Plaintiff "you cannot leave until you complete this form".

20. The New York State Traveler Health Form compels the disclosure of personal information under the penalty of perjury.

21. The basis for the New York State Traveler Health Form arises from an edict issued by Defendant as an Executive Order 205.2, captioned as Quarantine Restrictions on Travelers Arriving In New York. Attached as **Exhibit C** is a true copy of the executive order, stating "travelers must continue to fill out the traveler form upon entry" and noncompliance is subject to a $10,000 fine (Executive Order").

**AS FOR THE FIRST CAUSE OF ACTION**

22. Plaintiff incorporates all the allegations stated in paragraphs from 1 to 21 and pleads for relief under 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendant in his official and individual capacities.

23. The "United States Customs and Border Protection (CBP) is responsible for determining the admissibility of aliens and securing the country's borders." *Arizona v. United States*, 567 U.S. 387, 397 (2012).

24. The responsibility for attempting to prevent the illegal entry of dangerous persons and goods rests primarily with Congress who charged the U.S. Customs and Border Protection Agency with this responsibility. *See* 6 U.S.C. § 211 et seq., *Hernandez v. Mesa*, 140 S. Ct. 735, 746, 206 L. Ed. 2d 29 (2020).

25. The Federal Government occupies the field of screening all persons entering into the United States. "Where Congress occupies an entire field, as it has in the field of alien registration, even complementary state regulation is impermissible. Field preemption reflects a congressional decision to foreclose any state regulation in the area, even if it is parallel to federal standards." *Arizona v. United States*, 567 U.S. 387, 401 (2012).

26. In violation of the Supremacy Clause, Defendant subjected Plaintiff to extra screening in excess to the procedure and practices executed by Customs and Border Protection.

27. Defendant acting under the color of law is interfering with Customs and Border Protection by imposing its own dictate of screening for admission into the United States.

28. The Executive Order is preempted as trespassing into a field occupied by Customs and Border Protection, *Arizona v. United States*, 567 U.S. 387, 401 (2012).

29. The Executive Order trespasses into federal territory where Customs and Border Protection determined that its advisory from CDC is sufficient to answer to COVID-19.

30. The Executive Order by targeting Plaintiff presents an insult and slander that the works of Customs and Border Protection is not good enough for the safety of the Nation.

31. The Executive Order as applied coercively deprives Plaintiff of the privileges and immunities to enter the United States under Section 1 of the Fourteenth Amendment.

32. The Executive Order as applied threatens the wellbeing of individuals like Plaintiff, by coercively subjecting Plaintiff to the penalties of law in excess to the laws and procedure practiced by Customs and Border Protection.

33. The Executive Order continues to threaten Plaintiff trip overseas scheduled for January 2021 and threatens all similarly situated individuals.

34. The Executive Order must be enjoined as clearly exceeding the Defendant's jurisdiction.

35. Defendant must be enjoined from using any information gained from the New York State Traveler Health Form or similar edicts as fruit of the poisonous tree by obtaining such information in excess of the Defendant's jurisdiction.

36. Plaintiff has no other adequate remedy at law.

## AS FOR THE SECOND CAUSE OF ACTION

37. Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 37 for relief under 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983 and pleads for declaratory and injunctive relief against Defendant in his official and individual capacity.

38. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

39. Defendant used arbitrary action of armed agents to forcibly detain Plaintiff to satisfy the edict of the Executive Order to complete the New York State Traveler Health Form.

40. Defendant used duress to force Plaintiff to complete the New York State Traveler Health Form by denying Plaintiff the right to enter the United States within the protections provided by Section 1 of the Fourteenth Amendment.

41. Defendant's action deprived Plaintiff from a substantive due process by detaining Plaintiff unless the New York State Traveler Health Form is completed.

42. Defendant's action deprived Plaintiff from due process by using police powers to deprive Plaintiff from the right of entry into the United States by coercing disclosure of extra-information in disparaging Customs and Border Protection.

43. The Executive Order as applied threatens the wellbeing of Plaintiff, by coercively subjecting Plaintiff to the penalties of perjury unless the New York State Traveler Health Form is completed.

44. The Executive Order as applied threatens the wellbeing of Plaintiff, by coercively subjecting Plaintiff to the penalties of $10,000 unless the New York State Traveler Health Form is completed.

45. The Defendant does not have the jurisdiction to coerce Plaintiff to complete the New York State Traveler Health Form.

46. Defendant without jurisdiction uses the New York State Traveler Health Form as means to fabricate evidence to deprive Plaintiff from a substantive due process, such as deprive the right of entry, subject Plaintiff to the penalty of perjury and a fine of $10,000.

47. At all relevant times, it was clearly established that the fabrication of evidence to frame a person to deprive that person of a constitutional right violates due process and a constitutional right exists not to be detained or deprived on the pretext of false evidence.

48. Defendant, without jurisdiction whatsoever, injured Plaintiff with the use of police powers to extract information under the penalty of perjury by denying Plaintiff the right to entry into the United States. Defendant knew, or should have known, that such action is foreclosed under the Supremacy Clause. Defendant deliberately violated Plaintiff's rights to due process not to be: deprived entry into the United States under a false pretense, subjected falsely under "the penalty of perjury", and subjected to the threat of an extrajudicial fine of $10,000.

49. The Executive Order continues to threaten Plaintiff when returning from a future planned trip to overseas.

50. The Executive Order must be enjoined as clearly without jurisdiction.

51. Defendant must be enjoined from denying Plaintiff the right of entry into the United States as clearly exceeding the Defendant's jurisdiction.

52. Defendant must be enjoined from using any information gained from the New York State Traveler Health Form or similar edicts as fruit of the poisonous tree by obtaining such information in excess of the Defendant's jurisdiction.

53. Plaintiff has no other adequate remedy at law.

## AS FOR THE THIRD CAUSE OF ACTION

54. Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 53 for relief under 42 U.S.C. § 1983, 1988(b) and pleads for damages and attorney fees against Defendant in his official and individual capacity.

55. At all relevant times it was clearly established that a State official cannot use its police powers to condition the right of entry as a field occupied by Congress.

56. At all relevant times, it was clearly established that Customs and Border Protection is the authority at the airports for screening persons entering the United States.

57. Defendant acted in excess of all jurisdiction by attempting to regulate a field that is regulated by Customs and Border Protection.

58. As a direct result, Defendant's injuring of Plaintiff was in the clear excess of the Defendant's jurisdiction.

59. Defendant should compensate Plaintiff for the costs of bringing this action.

60. Plaintiff has no other adequate remedy at law.

## DESIGNATION

61. Plaintiff reserves this complaint for trial by jury on questions of fact.

## RELIEF

62. Wherefore, Plaintiff requests the entry of judgment (1) holding that the Executive Order is preempted by Federal law, (2) enjoining Defendant from imposing any conditions supplementary or complimentary to those practiced by the Customs and Border Protection, (3) enjoin Defendant from using any information obtained from the New York State Traveler Health Form, (4) award attorney and legal fees associated with bringing this action, and (5) as well such other and further relief as the Court deems as just and reasonable.

Dated: Brooklyn, NY

December 1, 2020

Respecfully submitted,

Law Offices of Eugene Lynch

By: Eugene Lynch

488 Empire Blvd, Suite 100
Brooklyn, NY 11225

Tel: 212.354.5555

## **VERIFICATION**

I, Yoel Weisshaus verify pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that I conducted a reasonable inquiry into the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

1. The factual allegations stated in the foregoing pleading related to myself are true to the best of my knowledge.

2. The factual allegations stated in the foregoing pleading related to the defendant are made to the best of my knowledge by familiarity of the facts and statements that either defendant and/or its agents made available to the public and me or became known to me from a reliable source, while reserving the right to verify its veracity or dispute them.

Dated: New Milford, NJ
December 1, 2020

Respectfully submitted,

*Yoel Weisshaus*
Yoel Weisshaus