UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOEL WEISSHAUS, <br><br> *Plaintiff,* <br><br> - against - <br><br> Hon. ANDREW CUOMO in his official and individual capacities, <br><br> *Defendant.* | **Case: 1:20-cv-05826-BMC** |

## AFFIRMATION IN SUPPORT

Yoel Weisshaus states the following under the laws prohibiting perjury:

1. I am the plaintiff in this action and state the foregoing based on personal knowledge.

2. I am a natural citizen of the United States, by birth, and reside in New Milford, NJ.

3. JFK Airport is located in Queens, NY.

4. On November 18, 2020, I landed at JFK Airport from a short trip overseas.

5. At all relevant times, Customs and Border Protection ("Customs") granted me entry to United States.

6. The process and screening by Customs involved having my identity verified; asking me about the purpose of my trip overseas, the nature and interactions I had overseas, the places I visited, and whether I had brought any items from overseas that need to be declared. In addition, Customs asked specific questions that are common to a prescreening for symptoms of Covid-19. Upon clearance, Customs issued me a Covid-19 pamphlet from the

Centers for Disease Control and Prevention ("CDC"). The pamphlet is attached to the verified complaint as Exhibit A and entered in the docket as ECF 1-1.

7. Afterwards, Customs directed me to the baggage area to retrieve my luggage. At that point, a Customs officer had a dog sniff my luggage, after which, Customs screened my luggage by X-ray. Upon completion of all the requisites for safe entry, Customs allowed me to exit the screening area and go about my own way.

8. After completing all the process of Customs and retrieving my luggage from the conveyer belt, I was directed to the exit door of Customs screening area. Outside the Customs screening area, within 100 feet of exiting Customs, Defendant had the area barricaded by armed security personal. Defendant's agent stopped me and refused to let me leave until I completed an involuntary New York State Traveler Health Form. A copy of the form is attached to the verified complaint as Exhibit B and entered in the docket as ECF 1-2.

9. I objected and advised Defendant's agent that my destination is outside the State of New York. Over my objection, Defendant's agent told me that, "you cannot leave until you complete this form". The New York State Traveler Health Form compels the disclosure of personal information under the penalty of perjury similar to the information I had just provided to Customs. Without any choice, I completed the New York State Traveler Health Form.

10. Afterwards, I learned the New York State Traveler Health Form arises from an edict issued by Defendant as an Executive Order 205.2, captioned as Quarantine Restrictions on Travelers Arriving In New York. Attached to the verified complaint as Exhibit C and filed as ECF 1-3 is a true copy of the executive order, stating "travelers must continue to fill out the traveler form upon entry" and noncompliance is subject to a $10,000 fine ("Executive Order").

11. I learned that the purpose of the Executive Order is to create a registration mechanism requiring each person arriving from overseas in the State of New York to register with Defendant after having been cleared by Customs.

12. This Executive Order was implemented on November 4, 2020.

13. In addition, on November 18, 2020, prior to returning from overseas and prior to knowing of Defendant's scheme, I scheduled a trip overseas for January 2021. On November 25, 2020, my trip was modified to return in the evening of January 13, 2021.

14. I expect that Defendant, unless enjoined by the Court, will continue to barricade the exit door of Customs and demand those who were jut cleared by Customs to register with Defendant.

15. The urgency of this application arises from the fear that Defendant will again detain me in January 2021 in its barricade area and refuse to let me leave unless the New York State Traveler Health Form is completed. I expect to have other overseas trips throughout 2021 although nothing is planned yet.

16. I respectfully request the Court enter an order: (a) pursuant to FRCP 65(a)(2) advancing the trial on the merits and consolidating it with the hearing for a preliminary injunction to the extent that a decision requires deciding issues of law and the facts alleged in the verified complaint are uncontested; (b) pursuant to FRCP 65(a), (d) granting a preliminary injunction and judgment enjoining the Defendant, the Hon. ANDREW CUOMO in his official and individual capacity, from utilizing the Executive Order 205.2 and New York State Traveler Health Form at any port of entry as a condition for people arriving from overseas; (c) enjoining the Defendant, from reaping the fruits of the Executive Order 205.2 and the New York State Traveler Health Form, inasmuch as Defendant has gained any information at any port of entry by way of

utilizing the New York State Traveler Health Form, and such similar methods, in conditioning people arriving from overseas to share them with Defendant; (d) pursuant to 42 USC 1988 awarding attorney fees and costs associated with bringing this action.

    Dated: New Milford, NJ
          December 23, 2020

                                      Respecfully submitted,


                                      Yoel Weisshaus