UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOEL WEISSHAUS,

        *Plaintiff,*

- against -

ANDREW M. CUOMO, in his official and Individual capacities,

        *Defendant.*

20-CV-05826 (BMC)(KNF)

# DEFENDANT ANDREW M. CUOMO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*
*Andrew M. Cuomo*
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8661

TODD A. SPIEGELMAN
Assistant Attorney General
    *Of Counsel*

Defendant Andrew M. Cuomo respectfully submits this reply memorandum of law in further support of his motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim.

## I. Plaintiff Has Abandoned All of His Claims

Under the Court's scheduling order, Plaintiff was required to file any opposition to Defendant's motion to dismiss by February 16, 2021. ECF Minute Entry, dated January 14, 2021. Plaintiff has neither filed any papers in opposition to Defendant's motion, nor has he sought additional time from this Court or the Defendant to file responsive papers. As Plaintiff did not file any papers in opposition by this deadline, his claims were abandoned, as a matter of well-settled law. *See, e.g.*, *Levers v. Mount St. Mary Coll.*, No. 19-cv-10458, 2020 WL 1922645, at *1 n.1 (S.D.N.Y. Apr. 21, 2020) (claim not addressed in opposition to motion to dismiss was deemed abandoned); *Juzumas v. Nassau Cty.*, 417 F. Supp. 3d 178, 184-85 (E.D.N.Y. 2019) (dismissing plaintiff's "First Amendment and conspiracy claims as abandoned because he did not address them" in summary judgment papers); *Folk v. City of N.Y.*, 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017) (plaintiff abandoned malicious abuse of process claim by failing to address it in her opposition to defendants' motion to dismiss); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (dismissing two of plaintiff's claims as abandoned for failure to address them in opposition to defendants' motion for judgment on the pleadings) (collecting cases).

## II. The Complaint Should Be Dismissed With Prejudice

Plaintiff's Complaint should be dismissed with prejudice because any potential amendment of the pleading would be futile. "Proposed amendments are futile if they 'would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.'" *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

Plaintiff here cannot cure the fatal deficiencies in his "obscure complaint." ECF No. 19, Decision denying Plaintiff's motion for a preliminary injunction ("PI Decision") at 1. For the reasons explained in Defendant's Moving Brief ("Moving Br."), Plaintiff cannot assert a violation of a federal right under the Supremacy Clause, his primary claim, because neither 42 U.S.C. § 1983, the Supremacy Clause, nor the enabling statute for U.S. Customs and Border Protection ("CBP") creates any substantive federal rights. ECF No. 23, Moving Br. at 10-12. In any event, Plaintiff cannot plausibly claim that New York's requirement for travelers to complete a traveler health form is preempted by the entirely unrelated duties of CBP in deterring terrorism and other international criminal activity. *Id.* at 13-17. Further, for the reasons explained in the PI Decision and in Defendant's Moving Brief, Plaintiff cannot succeed on any of his other claims alleging violations of his right to travel, informational privacy rights, and substantive due process rights. PI Decision at 11-20; Moving Br. at 17-25.

Accordingly, this Court should grant Defendant's motion and dismiss the Complaint with prejudice.

Dated: New York, New York
February 23, 2021

                    LETITIA JAMES
                    Attorney General
                    State of New York
                    *Attorney for Defendant Andrew M. Cuomo*

                    By: _____/S/_____
                    Todd A. Spiegelman
                    Assistant Attorney General
                    28 Liberty Street,
                    New York, NY 10005
                    (212) 416-8661